**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **VE OPENING LLC,** <br><br> Plaintiff, <br> v. <br><br> **UPLAND SOFTWARE, INC.,** <br><br> Defendant. | C.A. No. 7:25-cv-451 <br><br> **JURY TRIAL DEMANDED** <br><br> **PATENT CASE** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff VE Opening LLC files this Original Complaint for Patent Infringement against Upland Software, Inc., and would respectfully show the Court as follows:

### I.  THE PARTIES

1.      Plaintiff VE Opening LLC ("VE" or "Plaintiff") is a Texas limited liability company with its address at 17350 State Highway 249, Ste 220, Houston, TX 77064.

2.      On information and belief, Defendant Upland Software, Inc. ("Upland" or "Defendant") is a corporation organized and existing under the laws of Delaware with a place of business at 900 S. Capital of Texas Highway, Suite 300, Austin, Texas 78746.  Defendant has a registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### II.  JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4.      On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to its

business in this forum, including at least a portion of the infringements alleged herein at its place of business at 900 S. Capital of Texas Highway, Suite 300, Austin, Texas 78746.

5.      Without limitation, on information and belief, within Texas and this District, Defendant has used the patented invention thereby committing, and continuing to commit, acts of patent infringement alleged herein.  In addition, on information and belief, Defendant has derived revenues from its infringing acts occurring within Texas and this District.  Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas and this District, including at its place of business at 515 Congress Ave., Suite 1212 Austin, TX 78701.  Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within Texas and this District.  Defendant has committed such purposeful acts and/or transactions in Texas and this District such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6.      Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case including at its place of business at 900 S. Capital of Texas Highway, Suite 300, Austin, Texas 78746.

7.       For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. § 1400(b).

### III.  COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 9,916,079)

8.      Plaintiff incorporates the above paragraphs herein by reference.

9.      On March 13, 2018, United States Patent No. 9,916,079 ("the '079 Patent") was duly and legally issued by the United States Patent and Trademark Office.  The '079 Patent is titled "Method and System for Enabling the Sharing of Information Between Applications on a Computing Device." A true and correct copy of the '079 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10.     VE is the assignee of all right, title, and interest in the '079 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '079 Patent.  Accordingly, VE possesses the exclusive right and standing to prosecute the present action for infringement of the '079 Patent by Defendant.

11.     The invention in the '079 Patent relates to the field of methods for enabling the sharing of information between applications on a computing device.  (Ex. A at col. 1:15-17).

12.     The '079 Patent describes the technological problem that existed in the prior art. People relied on applications installed on computing devices, which are typically intended to address a particular function or a limited number of functions.  (*Id.* at 1:21-25).  For example, a calendar application may be used to schedule events and invite participants, whereas an email application can enable participants to message each other about the event.  (*Id.* at 1:25-28).  While each application on its own may be useful for a particular purpose, performance of a task may require the use of multiple applications.  (*Id.* at 1:29-31).  The multiple applications typically operate independently from each other; however, cooperation between the applications, such as through information sharing, would provide a better solution.  (*Id.* at 1:32-35).

13.     With the number of applications on computing devices continuing to grow, users may want or need to use several applications together to perform tasks rather than requiring separate use of each application.  (*Id.* at 1:36-39).  However, setting up the sharing of information

between multiple applications may be difficult and confusion for a typical user and may be tedious even for an advanced user, particularly when the number of applications required to complete a task is large. (*Id.* at 1:39-43). Therefore, there is a need for methods that enable sharing of information between multiple applications to allow users to perform related tasks in a more efficient and user-friendly manner. (*Id.* at 1:43-46). Recognizing the need, the inventor created a new technological method for sharing information between applications on a computing device related to searching across multiple applications and linking information between such applications. (*Id.* at 1:50-64). The claimed invention enables typical or basic users to take advantage of information sharing across multiple applications even though the users may not otherwise attempt such a challenge. (*Id.* at 6:35-40). The invention also results in time savings and efficiency in setting up information-sharing that may be realized even by sophisticated users of the computing device. (*Id.* at 5:40-42).

14.    **<u>Direct Infringement.</u>**  Upon information and belief, Defendant directly infringes claim 1 of the '079 patent in Texas, in this District and elsewhere in the United States, by performing actions comprising using or performing the claimed method of enabling the sharing of information between a first application and a second application on a computing device by using and offering for sale Upland RightAnswers ("Accused Instrumentality").

15.    Upland, through its use of Upland's Upland RightAnswers product, practices a method of enabling the sharing of information between a first application and a second application on a computing device. Upland RightAnswers is an AI Knowledge Management solution used to connect "all of your trusted knowledge sources to our federated search." Upland's Right Answers allows for an AI-powered search across its own stored data and integrated apps such as Servicenow, Salesforce, and more (second application). Upland RightAnswers calls this

technology Federated Knowledge, and further states that its "best-in-breed search does all the work to find relevant information for you and display it in a single window."



(*E.g.*, https://uplandsoftware.com/rightanswers/connected-knowledge/).

## Upland RightAnswers Introduces a New Dynamic Way to Access and Capture Knowledge Across the Enterprise

10/12/2022

AUSTIN, Texas--(BUSINESS WIRE)-- Upland Software, Inc. (NASDAQ: UPLD) has announced the release of RightAnswers X, a browser extension that powers the RightAnswers connected knowledge experience, seamlessly unlocking the possibility to deliver knowledge to every corner of the enterprise through AI-powered centralized search.

"Enterprises are seeing a dramatic increase in the expansion needs of their knowledge management programs. The ability to deliver knowledge into all corners of the enterprise is critical to improve the day-to-day lives of knowledge users and fosters corporate knowledge cultures," said Keith Berg, General Manager of Upland's Contact Center Solutions, "RightAnswers X empowers users to seamlessly expand their knowledge programs by eliminating the need for costly and resource intensive integration efforts, putting knowledge everywhere employees need it."

RightAnswers X breaks down the siloes that traditional knowledge management programs have created. The latest feature from RightAnswers provides companies a departure from the traditional centralized knowledge approach of having knowledge restricted to a handful of applications. With RightAnswers X customers can encourage their experts to contribute and source knowledge from anywhere their browser takes them.

Capabilities of RightAnswers X include:

- **Simplified set up** makes knowledge sharing as easy as installing an extension and enabling the out-of-the-box configurations to activate RightAnswers X in the browser-based application or website required.

- **In-app knowledge capture** is made easy when you find information that needs to be added to the knowledgebase, simply highlight the text, and start creating an article in seconds.

- **Expanded integration capabilities** enable customer service teams, service desks, HR, and other operations teams to integrate directly into their day-to-day tools, ensuring the right answer gets to the right person at the right time every time.

- **Centralized search powered by AI** allows users to search all content sources and return results in a single view.

(*E.g.*, https://investor.uplandsoftware.com/news/news-details/2022/Upland-RightAnswers-Introduces-a-New-Dynamic-Way-to-Access-and-Capture-Knowledge-Across-the-Enterprise/default.aspx#:~:text=Expanded%20integration%20capabilities%20enable%20customer,their%20day%2Dto%2Dday%20tools).



# Solving Your Biggest Knowledge Management Challenges



(*E.g.*, https://uplandsoftware.com/rightanswers/).



(*E.g.*, https://uplandsoftware.com/rightanswers/).

16.     Upland, through its use of Upland's Upland RightAnswers product, performs the

step of, from the first application, initiating a global search covering the first application and the

8

second application. As shown below, a user may initiate a global search request by clicking into the Right Answers search bar.



(*E.g.*, https://www.youtube.com/watch?v=CMiOSwZgA8E at 0:19).

17.     Upland, through its use of Upland's Upland RightAnswers product, performs the step of, receiving a global search request through the first application, wherein the global search request requests information across the first application and the second application; in response to the reception of the global search request, prompting for a search term from a user, which will then prompt the entry of a search term, as shown below. After initiating a global search using the term search term, RightAnswers searches both the first application (here, Knowledgebase, Community, Sharepoint, and Confluence) as well as the second application (here, listed as External Sources) per the official video below.



(*E.g.*, https://www.youtube.com/watch?v=CMiOSwZgA8E at 1:09).



(*E.g.*, https://www.youtube.com/watch?v=CMiOSwZgA8E at 1:11).

18.    Upland, through its use of Upland's Upland RightAnswers product, performs the steps of receiving the search term; based on the received search term, automatically determining one or more corresponding candidate elements associated with the second application and presenting the determined one or more corresponding candidate elements associated with the second application for selection by the user.  Once a user enters a search term, RightAnswers determines candidate elements (shown in a list with preview below "External Sources") associated with the second application (here, labeled "External Sources").  As shown below, the screenshot was taken using the same "password reset" search term above.  Further, in the video at 1:09-1:11, the video scrolled below the screenshot above where "Knowledgebase" depicted results from the first application.



(*E.g.*, https://www.youtube.com/watch?v=CMiOSwZgA8E at 1:15).

19.    Upland, through its use of Upland's Upland RightAnswers product, performs the steps of receiving the selection of at least one of the candidate elements; and linking information between the first application and the second application.  For example, the links to the results from the second applications can be seen returned below.



(*E.g.*, https://www.youtube.com/watch?v=CMiOSwZgA8E at 1:19).

20.    Upland, through its use of Upland's Upland RightAnswers product, performs the step of, responsive to receiving the selection of the candidate element, linking the selected candidate element with the first application such that a user may access the selected candidate element from the first application.  The search results linked from the second application can be used to access the actual file or element.



(*E.g.*, https://www.youtube.com/watch?v=CMiOSwZgA8E 1:18).

21.    Upland, through its use of Upland's Upland RightAnswers product, performs the step of generating for the first application a selectable link that, when selected, is operable to enable access to information related to the second application.  For example, RightAnswers provides actual link icons to access each application.



(*E.g.*, https://www.youtube.com/watch?v=CMiOSwZgA8E at 1:18).

22.    Upland, through its use of Upland's Upland RightAnswers product, performs the steps of receiving the selection of the linked selected candidate element through the first application; and responsive to the reception of the selection of the linked selected candidate element, presenting information related to the linked selected candidate element through the first application.  For example, RightAnswers provides information from the second application (*e.g.*, ServiceNow or Salesforce) from within the RightAnswers results (first application).  The connected data via Federated Knowledge is displayed "in a single window."  Once a user selects any of the links returned as search results, it will provide the user with information from that specific file or element from the second application.  This is described as Knowledge Federation below.

14





(*E.g.*, https://uplandsoftware.com/rightanswers/connected-knowledge/).

**Comprehensive Offering in the Cloud**

RightAnswers Knowledge Hub for ServiceNow fulfills the knowledge needs of everyone in your organization – authors, agents and anyone who needs to find knowledge. It includes everything you need for advanced, enterprise-wide knowledge management, such as:

- **An intuitive interface** for agents that helps them find knowledge faster
- **Pre-loaded knowledge** and knowledge services, including conversion, migration, translations and custom knowledge creation
- **Reporting and analytics** to help you gauge the effectiveness of your knowledge
- **Web self-service** and mobile self-service empower your end-users to resolve their own issues, deflecting tickets from your service desk
- **Intelligent Knowledge Builder** keeps your knowledgebase complete and up-to-date by detecting gaps in your knowledgebase, based on unsuccessful searches, and prompting you to create knowledge to fill the gaps
- **Interactive Knowledge** includes decision trees, checkpoint solutions and online forms with drop-down fields that lead you to the knowledge you are looking for
- **Knowledge Federation** searches for knowledge across all your drives and networks, as well as in third-party products such as SharePoint, Confluence or other systems where you have stored knowledge
- **Social collaboration tools** and communities for agents and end-users enhance the knowledge through crowdsourcing
- **Video support** allows agents to create video on the fly while working with end-users and deliver them as solutions
- **Knowledge Quality** tool that automatically checks article quality as articles are created and/or updated
- **Gamification** to incentivize knowledge creation to achieve your business goals
- **KCS Verified V6** the only system-agnostic knowledge management software to support over 70 KCS processes with on-boarding and training to turn your organization into a KCS shop
- **Client Success** program with ongoing training and mentoring to ensure the success of your knowledge initiative

(*E.g.*, https://store.servicenow.com/store/app/b09daf261b646a50a85b16db234bcb2a).

23.    Defendant's customers also infringe claim 1 of the '079 Patent by using or performing the claimed method using the Accused Instrumentalities as described above. Furthermore, Defendant advertises, markets, and offers for sale the Accused Instrumentalities to its customers for use in a system in a manner that, as described above, infringes claim 1 of the '079 Patent. Exemplary advertising and marketing material is cited above.

24.    **Indirect Infringement**. Upon information and belief, Defendant has been and now is indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '079 Patent in the State of Texas, in this District, and elsewhere in the United States, by providing the Accused Instrumentality for use as described above by Defendant's customers. Defendant became aware of the infringement at least as of the date of the service of the original Complaint. Defendant advertised, offered for sale, and/or sold the Accused Instrumentality to its customers for use in a manner that Defendant knew infringed at least one claim of the '079 Patent. For example, Defendant provides marketing material and videos advertising that the Accused Instrumentality performs the claimed method of enabling the sharing

of information between a first application and a second application on a computing device as claimed in claim 1 of the '079 Patent.  (*Supra* ¶¶15-22 (identifying marketing materials and videos)).

25.    On information and belief, since becoming aware of the '079 Patent and of the infringement through advertising and offering for sale the Accused Instrumentality for use by its customers, Defendant is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the Accused Instrumentality to its customers and by aiding and abetting its use in a manner known to infringe by Defendant. Since becoming aware of the infringing use of the Accused Instrumentality, Defendant knew that the use of the Accused Instrumentality by its customers as instructed constituted direct patent infringement. Despite this knowledge, Defendant continued to encourage and induce its customers to use the Accused Instrumentality to infringe as described above and provided instructions for using the Accused Instrumentality to infringe, including through specification sheets, support, and user's guides. Exemplary materials are cited above. (*Supra* ¶¶15-22 (identifying marketing materials and videos)).  Defendant therefore knowingly induced infringement and specifically intended to encourage and induce the infringement of the '079 Patent by its customers.

26.    On information and belief, since Defendant became aware of the infringement at least as of the date of the service of the original Complaint, Defendant is and has been committing the act of contributory infringement by intending to provide the identified Accused Instrumentality to its customers knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '079 Patent, and further knowing that the accused use of the Accused Instrumentality is not a staple article or commodity of commerce suitable for substantially non-infringing use. As described above, Defendant was aware that all material claim limitations

are satisfied by the use and implementation of the Accused Instrumentality by Defendant's customers in the manner described above yet continued to provide the Accused Instrumentality to its customers knowing that it is a material part of the invention. (*Supra* ¶¶15-22 (identifying marketing materials and videos)).   As described above, since learning of the infringement, Defendant knew that the use and implementation of the Accused Instrumentality by its customers was made and adapted for infringement of the '079 Patent. (*Id.*). A new act of direct infringement occurred each time a customer implemented and/or used the Accused Instrumentality in the manner described above. After Defendant became aware that the use of the Accused Instrumentality infringes at least one claim of the '079 Patent, Defendant knew that each such new use was made and adapted for infringement of at least one claim of the '079 Patent and Defendant continued to advertise and provide the Accused Instrumentality for such infringing activities. (*Supra* ¶¶15-22 (identifying marketing materials and videos)).   Furthermore, as described more fully above, the Accused Instrumentality has functionality designed to perform the steps in the manner described above and is therefore not a staple article or commodity of commerce suitable for substantially non-infringing use.   (*Id.*).

27.     Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '079 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

28.     Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting in active concert therewith from infringing the '079 Patent, Plaintiff will be greatly and irreparably harmed.

29.    The asserted claim of the '079 Patent is a method claim to which the marking requirements are not applicable.  Plaintiff has therefore complied with the marking statute 35 U.S.C. §287.

## IV.  JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a.    Judgment that one or more claims of United States Patent No. 9,916,079 have been infringed, directly and indirectly, and either literally and/or under the doctrine of equivalents, by Defendant;

b.    Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c.    That Defendants be preliminarily and permanently enjoined from any further activity or conduct that infringes;

d.    That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

e.    That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

October 6, 2025

DIRECTION IP LAW

/s/ David R. Bennett
David R. Bennett (Illinois Bar No. 6244214)
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com

*Attorney for Plaintiff*
*VE Opening LLC*